```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION
```

| | | |
|---|---|---|
| **LAWRENCE JOSEPH JEFFERSON,** | * | CIVIL ACTION NO. |
| | * | 1:96-CV-989-CC |
| Petitioner, | * | |
| | * | |
| v. | * | HABEAS CORPUS |
| | * | |
| **STEVE UPTON, Warden** | * | |
| **Georgia Diagnostic and** | * | |
| **Classification Center,** | * | |
| | * | |
| Respondent. | * | |

## RESPONDENT'S BRIEF REGARDING THE
## DEFERENCE OWED THE STATE COURTS' FINDINGS

                                        **SAMUEL S. OLENS**
                                        Attorney General

                                        **MARY BETH WESTMORELAND**
                                        Deputy Attorney General

                                        **BETH A. BURTON**
                                        Senior Assistant Attorney General

**Please serve:**
Beth Burton
40 Capitol Square
Atlanta, Georgia 30334-1300
(404) 656-3499
Facsimile (404) 651-6459

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
```

| | | |
|---|---|---|
| **LAWRENCE JOSEPH JEFFERSON,** | * | CIVIL ACTION NO. |
| | * | 1:96-CV-989-CC |
| Petitioner, | * | |
| | * | |
| v. | * | HABEAS CORPUS |
| | * | |
| **WARDEN STEVE UPTON,** | * | |
| **Georgia Diagnostic and** | * | |
| **Classification Center,** | * | |
| | * | |
| Respondent. | * | |

## RESPONDENT'S BRIEF REGARDING THE
## DEFERENCE OWED THE STATE COURTS' FINDINGS

The record establishes that, contrary to the arguments of Petitioner, Petitioner was given a full and fair hearing, where after the state habeas court made an independent finding that Petitioner had failed to establish his claims after hearing the evidence, and that Petitioner had an opportunity to submit his own proposed order or objections to Respondent's proposed order. Therefore, Petitioner failed to establish that the state habeas proceedings were fundamentally unfair and the state habeas court's findings should be given deference by this Court.

## STATEMENT OF FACTS

On April 22nd and 23rd of 1991, a state habeas corpus evidentiary hearing took place before Superior Court Judge Joseph Newton where both parties presented numerous exhibits,

affidavits, and live testimony. (Desmond, pp. 9-10).[1] At the conclusion of the hearing, the state habeas court requested post-hearing briefs from both parties. Petitioner conceded in his state habeas pleadings that he had the opportunity and did file a "lengthy post-hearing brief" on October 23, 1991. (See Exhibit 3, p. 1). Respondent's post-hearing brief was filed on December 24, 1991.

In August 1992, eight months after the post-hearing briefs were filed, Boyd English, a law clerk for Judge Newton, contacted Paula Smith, Respondent's counsel at that time, and requested a proposed order. (Smith, pp. 11-12). Mr. English instructed Ms. Smith to draft a proposed order denying Petitioner state habeas relief. (Smith, p. 12). However, Ms. Smith did not recall if Mr. English gave her further instructions as to what should be included in the order. Id. Ms. Smith did not consider this an unusual request as it was considered "standard procedure" for judges to ask the prevailing party to draft a proposed order. (Smith, p. 13).

Subsequently, Ms. Smith drafted a proposed order and sent it along with a cover letter to Mr. English on August 20, 1992.

---

[1] Citations to the depositions of Paula Smith, Elizabeth Vila Rogan, J. Christopher Desmond and Wendell Boyd English are cited as follows: the last name of the witness followed by the page in the deposition.

2

(Exhibit 1). Ms. Smith also sent a copy of the proposed order and a copy of the cover letter to Mr. Desmond. Id.

Several days later, Mr. Desmond responded to Respondent's proposed order by filing two motions on behalf of Petitioner: a Motion To Recuse Hearing Judge and a Motion To Reveal *Ex Parte* Communications. (Exhibits 3 and 4). Petitioner's motions were denied one month later on September 28, 1992. (Exhibit 6). Two days later, Judge Newton adopted and signed the proposed final order that had been prepared by Respondent a month previously. (Exhibit 7).

Thereafter, Petitioner appealed to the Georgia Supreme Court from the denial of state habeas relief. Jefferson v. Zant, 263 Ga. 316, 431 S.E.2d 110 (1993). The Georgia Supreme Court reviewed that order and held, "The 45-page order in this case is well supported by citations to the record and was adopted by the habeas judge as his own." Id. at 112. The findings of the state courts, including those of the Georgia Supreme Court, which reviewed the findings of the state habeas court are entitled to deference by this Court. See Jefferson v. Hall, 570 F.3d 1283, 1300, n. 5 (2009).

3

**ARGUMENT AND CITATION OF AUTHORITY**

The state habeas court's findings are given a presumption of correctness under former 28 U.S.C. § 2254(d).[2] Burden v. Zant, 498 U.S. 433, 437 (1991). This presumption cannot be negated unless the Court finds one of the enumerated exceptions applies and provides the reasoning behind that conclusion. Id.; See also former 28 U.S.C. § 2254(d). The eight exceptions enumerated in former 28 U.S.C. § 2254(d) are: (1) the merits of the factual issue were not resolved in the state court hearing; (2) the state court did not provide a full and fair hearing to develop the facts; (3) the material facts were not adequately developed; (4) the state court that decided the facts had no jurisdiction; (5) the state court failed to appoint counsel for an indigent petitioner; (6) the hearing was inadequate; (7) the state court proceeding violated due process; or (8) the record does not support the factual determination.

Petitioner claims that under former 28 U.S.C § 2254 he was not afforded a "full and fair fact hearing" because the judge adopted a proposed order from the Respondent. However, the record establishes that Petitioner had a full and fair

---

[2] The current version of 28 U.S.C. § 2254(d), enacted under the Antiterrorism and Effective Death Penalty Act of 1996, does not apply because this case was filed prior to enactment. Lindh v. Murphy, 521 U.S. 320, 326-336 (1997).

4

evidentiary hearing before the state court, that the judge made his determination of the disposition of the case on his own accord, and Petitioner had the opportunity to respond to Respondent's proposed order.  Petitioner has failed to establish any of the eight exceptions of former § 2254(d), and the state habeas court's order is entitled to deference by this Court.

The record clearly shows that Petitioner was afforded a full and fair hearing in the state habeas proceedings.  In his two day state habeas evidentiary hearing, Petitioner presented evidence through live testimony, numerous exhibits, and affidavits.[3]  Also, Petitioner had the additional opportunity to present argument in his lengthy post-hearing brief.  Further, Judge Newton did not immediately solicit a proposed order from Respondent after hearing the evidence at the evidentiary hearing, but some time after the post-hearing briefs had been submitted.  Presumably Judge Newton took this time to review the information and make his determination before soliciting a proposed order.  There is no question that Petitioner had "ample opportunity to argue" his case through the briefing, the presentation of evidence and argument.

---

[3] In state habeas proceedings in Georgia, the parties are allowed to submit testimony by affidavit.  O.C.G.A. § 9-14-48(a).

5

Moreover, Judge Newton reached a firm decision prior to the solicitation of the order. When Ms. Smith received a request for a proposed order, Mr. English stated that the order should deny Petitioner habeas relief. (Smith, p. 12). Ms. Smith could not recall if she was given further instruction. Id. However, Judge Newton's determination of the matter prior to the solicitation of the proposed order illustrates that he reached an independent decision prior to his request.

The fact that Judge Newton subsequently adopted Respondent's proposed order verbatim does not invalidate the state habeas court's order as inferred by Petitioner. The practice of adopting proposed orders, while criticized, has nevertheless been permitted and accepted by the court systems. See Colony Square Co. v. Prudential Ins. Co. of Am., 819 F.2d 272, 276 (11th Cir. 1987).

In Colony Square, the Eleventh Circuit found that Colony Square was not denied due process and the court's adoption of the opposing party's proposed orders was not fundamentally unfair. The Court based this finding, in part, on the facts that the court reached a "firm decision" before asking the opposing party to draft proposed orders and that Colony Square had "ample opportunity to present its arguments." Id. at 277.

Although the Court in Colony Square noted that the judge did provide additional framework for the orders, the facts also

6

established as noted by the Eleventh Circuit, that the opposing party prepared the orders and they were signed by the judge prior to Colony Square learning that the opposing party had drafted the orders. Id. at 275. Nevertheless, the Eleventh Circuit held that although the judge "fail[ed] to give Colony an opportunity to respond to the [] proposed orders," the process was not fundamentally unfair and Colony Square was not denied a "meaningful opportunity to be heard". Colony Square, 819 F.2d at 276. Thus, even if a party has no prior knowledge that a judge has solicited a proposed order, as long as the party had ample opportunity to present its argument prior to the issuance of the final order, the hearing is not fundamentally unfair. Colony Square, 819 F.2d at 277.

Clearly, in the instant case, not only was Petitioner provided the same opportunity to be heard as that in Colony Square, Petitioner also had an opportunity to respond to the proposed order prepared by Respondent by submitting his own proposed order or objections to the proposed order. Petitioner chose not to avail himself of that opportunity. Further, as to any directives given by the state habeas court, Ms. Smith did not say that she was not given direction, but testified that she could not recall if she was given additional framework or points to draft in the order. (Smith, p. 12). It is clear that the state habeas judge had made his determination of the case after

7

hearing extensive evidence and after both parties' post-hearing briefs had been filed.  Further, Petitioner was given notice that Respondent had prepared the proposed order over a month prior to the signing of the order.  As held by the Supreme Court with regard to order drafted by the prevailing party, "though not the product of the workings of the … judge's mind, [they] are formally his, they are not to be rejected out-of-hand, and they will stand if supported by evidence." United States v. El Paso Natural Gas Co., 376 U.S. 651, 656 (1964).  There is no doubt that findings are supported by the evidence as found by both the Georgia Supreme Court and the Eleventh Circuit. Jefferson v. Hall, 570 F.3d 1283, 1304 (11th Cir. 2009) ("indeed, the state courts' findings are clear, unambiguous, and fairly supported by the record…"; "Jefferson does not point to any particular factual finding that was clearly erroneous, and Jefferson even says in the argument section of his brief that '[t]he relevant facts are not in dispute.'"); Jefferson v. Zant, 263 Ga. 316, 317 (1993) ("The 45-page order in this case is well supported by citations to the record and was adopted by the habeas judge as his own.").

Additionally, the Eleventh Circuit has held that evidence that supports the adoption of a proposed order can be found through hearings and writings submitted prior to the issuance of the final order.  Colony Square, 819 F.2d at 276.  The record

establishes that during the course of the hearing, the state habeas court made numerous ruling as to the admissibility of the evidence, clearly followed the evidence closely and was familiar with the claims and record prior to the hearing. See, e.g., Habeas Transcript (hereinafter "HT"), pp. 24-27, 29, 38, 42, 53-54, 57, 58, 59, 67, 69, 71, 75, 78, 92-93, 115-116, 147, 149, 154, 155. Further, during the course of the proceedings, the state habeas court was very aware of the documents that were in the record, (see, e.g., 59, 69), and had clearly reviewed the record prior to the hearing. In fact, during the presentation of the evidence, the state habeas court indicated that Dr. Dudley's report, whose evaluation has been at the forefront of Petitioner's arguments, did not need to be placed into the record as it was already in the record twice and that it was attached to the amended petition. (HT, pp. 69, 75). Clearly, for the state habeas court to be aware of the various locations of the report, the court had to be familiar with the contents of the record. Id. Further, the state habeas court stated that it would be reviewing "the entire report and that the report would "be properly referred to by the Court before making a ruling in the case." (HT, p. 69). Additionally, the record shows that the state habeas court had a firm grasp on the law applicable to Petitioner's claims as noted throughout the transcript. (HT, pp. 71, 115-116).

In addition to the state habeas court's knowledge, Mr. English testified that he read the transcript, researched and reviewed the documents that were forwarded to Judge Newton concerning Petitioner's case prior to inquiring about a proposed order from the judge. (English, p. 9). No one has testified that Judge Newton did not read the proposed order nor had a practice of not reading proposed orders prior to adopting them as his own.

Moreover, unlike Colony Square, Petitioner was aware that Respondent prepared the proposed order prior to the state habeas court signing the order and received a copy at the same time the proposed order was presented to the judge for consideration. Accordingly, unlike Colony Square, in which the Eleventh Circuit still concluded that Colony Square was not denied the opportunity to be heard, Petitioner had ample opportunity to present his own proposed order or objections to Respondent's proposed order prior to the state habeas court's entry of the order. (Exhibits 3 and 4). In fact, Petitioner took the opportunity to respond to the proposed order by filing to responsive motions, and was not prohibited from filing his own proposed order. Petitioner simply chose not to file objections to the order or submit a proposed order of his own. Petitioner was never prohibited from submitting his version of a proposed order. (Rogan, p. 14).

10

Therefore, with the extensive proceedings prior to the solicitation of the proposed order and the ample opportunity for Petitioner to respond to the proposed order, Petitioner has failed to show that he was not provided a full and fair hearing and the opportunity to be heard in the state habeas court.

Petitioner argues that because there were typographical errors in the proposed order that were not corrected by the state habeas court that the state habeas proceedings were fundamentally unfair. Petitioner has presented no evidence that the state habeas court did not review the order prior to adopting it as his own.

Longstanding case law makes clear that even proposed orders that are adopted verbatim do not require a court to invalidate the order, but to examine the process employed by the judge prior to the issuance of the final order and determine that the process was "fundamentally unfair." Colony Square, 819 F.2d at 276. In Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 572 (1985), cited by Petitioner, the Supreme Court held, "even when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous." Citing, United States v. Marine Bancorporation, 418 U.S. 602, 615, n. 13 (1974); United States v. El Paso Natural Gas Co., 376 U.S. 651, 656-657 (1964). The only clearly erroneous factual finding cited to by

11

Petitioner is that Michael Hauptman did not give irrelevant testimony, Michael Mears gave the irrelevant testimony.

Further, the Georgia Supreme Court reviewed Petitioner's claim that the order referred to Michael Hauptman instead of Michael Mears. The court concluded that although the final order mistakenly referred to "an attorney who did not testify," the legal conclusion by the state habeas court that this testimony concerning the performance of Petitioner's trial counsel was irrelevant was a correct determination of the law. Id. Moreover, as noted by the Eleventh Circuit, Petitioner has not argued that the "state courts' factual findings were not 'fairly supported by the record.'" Jefferson v. Hall, 570 F.3d at 1304, n. 8.

Accordingly, Petitioner has failed to show that the state habeas court abdicated its review and the findings are entitled to deference by this Court.

## CONCLUSION

As the record establishes that Petitioner was given a full and fair hearing, as the court had the opportunity to hear the evidence, review extensive briefing and made a final determination prior to requesting a proposed order and as Petitioner had the opportunity to respond to the proposed order, Petitioner has failed to show that the state courts' denial of

12

his state habeas petition was fundamentally unfair.  Thus, the state courts' findings are entitled to deference by this Court.

This 8th day of July, 2011.

Respectfully submitted,

SAMUEL S. OLENS             551540
Attorney General

MARY BETH WESTMORELAND      750150
Deputy Attorney General

_s/Beth A. Burton_____
BETH ATTAWAY BURTON         027500
Senior Assistant Attorney General

Please serve:

Beth A. Burton
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
(404)656-3397

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day electronically filed this pleading with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

>John Richard Martin
>Martin Brothers, P.C.
>202 The Grant Building
>44 Broad Street, N.W.
>Atlanta, Georgia 30303
>
>Jeff Ertel
>Federal Defender's Office, Suite 200
>The Equitable Building
>100 Peachtree Street
>Atlanta, Georgia 30303

>_s/Beth Burton_____
>BETH BURTON
>Senior Assistant Attorney General